IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER A. MORRESI, also known as Jersierose Morresi,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL BERG, Chit #9672;<br><br>    Defendant. | 8:21CV358<br><br><br>**MEMORANDUM<br>AND ORDER** |

  Plaintiff, a state prisoner who is currently incarcerated at the Douglas County Correctional Center ("DCCC"), filed a pro se Complaint (Filing 1) on September 13, 2021. Plaintiff has been granted leave to proceed in forma pauperis and has paid the required initial partial filing fee.

## I. LEGAL STANDARDS ON INITIAL REVIEW

  The Prison Litigation Reform Act ("PLRA") requires the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On such initial review, the court must "dismiss the complaint, or any portion of the complaint," it determines "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Comparable language is contained in 28 U.S.C. § 1915(e)(2)(B) (applicable to IFP plaintiffs).

  "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to

plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff alleges that Defendant, Michael Berg, is "conspiring to trade United States currency to Chit Lay, an inmate at Douglas County Corrections for the purpose of physically assaulting another person for reasons believed to be gender discrimination & retaliation for filing a civil complaint against his employer. It's believed that Michael Berg has conspired with other staff & inmates" and "that he's operating without the knowledge of his employer." (Filing 1 at 1.)

Plaintiff requests that Defendant's personal bank account be frozen and that a restraining order be entered restricting his access to DCCC and Plaintiff's home address. Plaintiff also requests appointment of counsel. (Filing 1 at 1-2.)

## III. DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under

these statutes, federal jurisdiction is available only when a "federal question" is presented (i.e., in a civil action arising under the Constitution, laws, or treaties of the United States) or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "A pleading that states a claim for relief must contain ... a short and plain statement of the grounds for the court's jurisdiction ...." Fed. R. Civ. P. 8(a)(1).

Giving the Complaint a liberal construction, Plaintiff may be attempting to invoke the court's "federal question" jurisdiction by suing under 42 U.S.C. § 1983, which provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, …." To state a claim for relief under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Atkins*, 487 U.S. at 48; *see also Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983.").

Plaintiff does not allege any facts to show that Defendant is a state actor. While Defendant might act under color of state law if he is a staff member at DCCC, he is not alleged to be a staff member. Plaintiff references Defendant's employer, but does not identify the employer.

A § 1983 claim may be brought against a private individual if he conspires with a state actor to deprive a person of his constitutional rights. *DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999). The inmate with whom Defendant allegedly is

conspiring is not a state actor. Plaintiff alleges a general belief that Defendant is also conspiring with staff members at DCCC, but no particulars are given which would support a § 1983 conspiracy claim.

Plaintiff also only alleges that the conspiracy is directed at "another person." To maintain an action, Plaintiff must be the target of the alleged conspiracy. "As a general rule, a plaintiff may only assert his own injury in fact and 'cannot rest his claim to relief on the legal rights or interests of third parties.'" *Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008) (quoting *Warth v. Seldin*, 422 U.S. 490, 498-99, 95 (1975)).

The court on its own motion will give Plaintiff leave to file an amended complaint which states a claim upon which relief may be granted. The court will also provide Plaintiff with a standard form complaint to use for this purpose.

Plaintiff's request for appointment of counsel will be denied without prejudice to reassertion at a later date. There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

This is not a complex case, either legally or factually, and Plaintiff appears capable of investigating and presenting claims, at least at this early stage of the litigation. As a prisoner, Plaintiff understandably faces challenges by proceeding pro se, but "most indigent prisoners will face similar challenges." *See id.* (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)).

IT IS THEREFORE ORDERED:

1. Plaintiff is granted leave to file an amended complaint within 30 days. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files an amended complaint, failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event Plaintiff files an amended complaint.

4. The Clerk of the Court is directed to send Plaintiff a standard form "Complaint for Violation of Civil Rights (Prisoner Complaint)."

5. The Clerk of the Court is directed to set a pro se case management deadline using the following text: November 22, 2021—amended complaint due.

6. Plaintiff's request for appointment of counsel is denied without prejudice.

7. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

Dated this 22nd day of October 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge