IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER A. MORRESI, also known as Jersierose Morresi,<br><br>              Plaintiff,<br><br>vs.<br><br>MICHAEL BERG, Chit #9672;<br><br>              Defendant. | 8:21CV358<br><br>**MEMORANDUM AND ORDER** |

      Plaintiff, Christopher A. Morresi ("Morresi"), filed a pro se Complaint (Filing 1) on September 13, 2021, at which time he was a pretrial detainee being held at the Douglas County Correctional Center ("DCCC").[1] The court conducted an initial review of the Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A and, in a Memorandum and Order entered on October 22, 2021, determined it was subject to preservice dismissal for failure to state a claim upon which relief may be granted. However, the court on its own motion granted Morresi leave to amend. An Amended Complaint (Filing 11) was timely filed on November 17, 2021, and will now be reviewed by the court to determine whether this case may proceed.

I. LEGAL STANDARDS ON INITIAL REVIEW

      The Prison Litigation Reform Act ("PLRA") requires the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On such initial review, the court must "dismiss the complaint, or any

---

[1] Plaintiff is now a convicted prisoner in the custody of the Nebraska Department of Correctional Services. The court takes judicial notice that Plaintiff was convicted on October 8, 2021. *See State v. Morresi*, District Court of Douglas County, Nebraska, Case No. CR 21-1493. (Nebraska's judicial records may be retrieved online at https://www.nebraska.gov/justice.)

portion of the complaint," it determines "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Comparable language is contained in 28 U.S.C. § 1915(e)(2)(B) (applicable to IFP plaintiffs).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. ANALYSIS

Morresi alleges in the Amended Complaint that Defendant, Michael Berg ("Berg"), who is described as a former correctional officer at DCCC, between June 1 and September 1, 2021,

> conspired with [four] inmates … to get me fired from my porter position and offered $1,000.00 in U.S. currency to 'get rid of me.' He

> used my mental health diagnoses [of gender dysphoria] to have inmates threaten and harass me to the point of panic attacks.

(Filing 11 at 5.) Morresi describes himself a transgender female.[2] Morresi alleges he suffered mental anguish, panic attacks, and severe migraines, for which he received no medical treatment or mental health therapy.

Morresi states he is bringing suit under 42 U.S.C. § 1983[3] for Fourteenth Amendment, civil rights, and "Hippa" violations. (Filing 11 at 3.) Morresi sues Berg in both his individual and official capacities[4] and seeks injunctive relief as well as compensatory damages.

The court assumes Morresi is referencing the Health Insurance Portability and Accountability Act of 1996 (HIPAA). That Act, however, does not create a private right of action as an underlying basis for a civil suit. *Trone Health Servs., Inc. v. Express Scripts Holding Co.,* 974 F.3d 845, 851 (8th Cir. 2020); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010).

---

[2] Because Plaintiff's pleadings do not indicate a different pronoun preference, the court will use the format of he/him/his.

[3] To state a claim for relief under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[4] A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (internal citations omitted); *see Baker*, 501 F.3d at 923 ("A suit against government officials in their official capacities is another way of pleading an action against the entity of which they are agents."). To prevail on an official-capacity claim under § 1983, a plaintiff must show that the alleged constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). Morresi does not allege that the violation of his constitutional rights occurred because of a county policy or custom, or because of a failure to train or supervise correctional officers, nor does his Amended Complaint contain any facts from which it might reasonably be inferred that Douglas County is liable for his alleged injuries.

Morresi does not specifically reference Title VII of the Civil Rights Act of 1964, which protects against discrimination in employment based on sex, but alleges Berg conspired with inmates to get him fired from his porter position at the jail. (Filing 11 at 5.) Although Title VII affords protection to transgender employees, *see Bostock v. Clayton Cty.*, 140 S. Ct. 1731 (2020), the Eighth Circuit has held that prisoners are not employees for purposes of Title VII. *See Battle v. Minnesota Department of Corrections,* 40 Fed. Appx. 308, 310 (8th Cir.2002) (unpublished); *see also McCaslin v. Cornhusker State Industries,* 952 F. Supp. 652 (D. Neb. 1996).

Morresi's claim therefore must be viewed as a constitutional conditions-of-confinement claim. Because Morresi alleges he was a pretrial detainee at the time of the alleged harassment, the Eighth Amendment "has no application" to him.[5] *See Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). Instead, the Fourteenth Amendment's Due Process Clause applies here. "Due process requires that a pretrial detainee not be punished." *Id.* (quoting *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979)).[6]

Morresi does not allege that he was physically attacked by anyone, only that he was threatened and harassed by inmates at Berg's behest. "Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim." *King v. Olmsted Cty.*, 117 F.3d 1065, 1067 (8th Cir. 1997) (quoting *Hopson v. Fredericksen,* 961 F.2d 1374, 1378 (8th Cir. 1992)). "The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." [7] *Id.* (quoting *Pittsley v. Warish,* 927 F.2d 3, 7 (1st Cir.

---

[5] The Eighth Amendment's prohibition against cruel and unusual punishment would apply to any acts occurring after Plaintiff's conviction, regardless of his date of sentencing. *See Whitnack v. Douglas Cty.*, 16 F.3d 954 (8th Cir. 1994).

[6] But the Fourteenth Amendment gives state pretrial detainees rights which are "*at least as great* as the Eighth Amendment protections available to a convicted prisoner." *Walton,* 752 F.3d at 1117 (emphasis in original; quoting *City of Revere*, 463 U.S. at 244).

[7] The PLRA also provides that "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or

4

1991)). Because no facts are alleged in the Amended Complaint to show that the threats and harassment were "so brutal or wantonly cruel as to shock the conscience," no actionable claim is stated. *See id.* (citing *Hopson,* 961 F.2d at 1378-79); *see also Dan v. Douglas Cty.*, No. 8:18CV31, 2018 WL 3609539, at *7 (D. Neb. July 27, 2018) (dismissing claim involving harassment of prisoner by correctional officers and inmates except insofar as the officers acted with deliberate disregard for plaintiff's safety, by announcing that he was a "snitch" and encouraging inmates to beat him up); *Nelson v. Hjorth*, No. 8:18CV88, 2018 WL 2050571, at *11 (D. Neb. May 2, 2018) (no actionable claim stated where prisoner alleged that that jail staff were "allowed to swear at and taunt inmates with impunity"); *Brown v. Phillips*, No. 8:16CV377, 2018 WL 10798975, at *16 (D. Neb. Feb. 8, 2018) (granting summary judgment in favor of regional center employees who allegedly degraded, verbally harassed, and mocked transgender patient).

Morresi further complains he was refused treatment for the mental anguish, panic attacks, and severe migraines he experienced as a result of the alleged threats and harassment. When a pretrial detainee's Fourteenth Amendment claim alleges constitutionally deficient medical care, the Eighth Amendment deliberate-indifference standard applies. *Scott v. Benson*, 742 F.3d 335, 339 (8th Cir. 2014).

> To prevail on an Eighth Amendment claim for deprivation of medical care, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs. This requires a two-part showing that (1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it.

*Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal citations omitted). Here, there are no facts alleged from which it might reasonably be inferred that Berg

---

emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act …." 42 U.S.C. § 1997e(e). The statute limits remedies for claims not involving physical injury to nominal damages and, where applicable, punitive damages, injunctive and declaratory relief. *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004). Headaches caused by stress are not a physical injury within the meaning of the PLRA. *Williams v. Roper*, No. 4:13-CV-2440 CAS, 2018 WL 1420271, at *8 (E.D. Mo. Mar. 22, 2018) (collecting cases).

was deliberately indifferent to Morresi's condition. "To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017).

### III. CONCLUSION

Morresi's Amended Complaint fails to state a claim upon which relief may be granted, and is subject to preservice dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. Out of an abundance of caution, though, the court will give Morresi another opportunity to amend his pleading, should he so desire.

IT IS THEREFORE ORDERED:

1. Plaintiff is granted leave to file a second amended complaint within 30 days. Failure to file a second amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files a second amended complaint, failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that a second amended complaint will supersede, not supplement, prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event Plaintiff files a second amended complaint.

4. **The Clerk of the Court is directed to set a pro se case management deadline using the following text: February 4, 2022—second amended complaint due.**

5. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

6

Dated this 5th day of January 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

Dated this 5th day of January 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

Dated this 5th day of January 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge